

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

**NOS.**
**WR-87,997-01**
**WR-87,997-02**
**WR-87,997-03**
**WR-87,997-04**

---

**EX PARTE BRIAN MARK KOPATZ, Applicant**

---

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS**
**CAUSE NOS. 00-CR-03-A, 00-CR-04-A, 00-CR-05-A, AND 00-CR-117-A**
**IN THE 229TH DISTRICT COURT FROM DUVAL COUNTY**

---

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant went to a bar, opened fire with a semi-automatic weapon, killed two people, and attempted to kill two others. He then drove to the home of another and killed her. He did not know the victims. Under plea agreements, Applicant pled guilty to three offenses of murder and one offense of attempted capital murder and was sentenced to imprisonment. He did not appeal the convictions.

In his habeas applications, Applicant contends that the plea agreements were breached. He also contends that his trial counsel coerced his guilty pleas with threats and that counsel had a conflict of interest because of alleged threats against counsel from one of the victim's family members. Applicant contends, therefore, that counsel failed to raise various objections, failed to investigate sanity, failed to challenge venue, and abandoned Applicant's appeal. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997).

The trial court appointed habeas counsel and held an evidentiary hearing in which trial counsel testified. The record shows that, although the State could have pursued a capital murder charge, trial counsel negotiated guilty pleas to three murders and an attempted capital murder. The written plea documents do not state the plea terms, but at the sentencing hearing, the prosecutor and trial counsel informed the trial court that the plea agreements on the three murder cases were for minimum terms of fifty years, up to life, in prison, that the plea agreement on the attempted murder case was for twenty-five years in prison, and that all the sentences would run concurrently. The three murder judgments reflect this agreement, stating, "TERMS OF PLEA BARGAIN: Minimum 50 years-Texas Department of Criminal Justice-Institutional Division," and the attempted capital murder judgment reflects this agreement, stating, "TERMS OF PLEA BARGAIN: Minimum 25 years-Texas Department of Criminal Justice-Institutional Division."

This Court has made an independent review of the record. Applicant fails to show that the plea agreements were breached or that counsel provided ineffective assistance concerning whether the plea agreements were breached. Applicant also fails to show that counsel coerced his guilty pleas, had a conflict of interest, or otherwise provided ineffective assistance. Habeas relief is denied.

Filed:          September 11, 2019
Do not publish